IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 2:11-cr-00216-MBC |
| | ) |
| KEITH HONAKER | ) |

## OPINION

Before the Court is Defendant Keith Honaker's Motion to Dismiss Indictment [Doc. 30] pursuant to Federal Rule of Criminal Procedure 12(b)(2), based on the argument that the Sexual Offender Notification and Registration Act (SORNA) is unconstitutional as applied to Defendant's case. The Government has filed a Response [Doc. 33] to which Defendant has replied [Doc. 34]. For the reasons set forth below, we will deny the motion to dismiss.

### I. Background

The facts of the case are straightforward. Defendant was indicted in September 2011, for allegedly failing to register as a sex offender in violation of 18 U.S.C. § 2250. M. to Dismiss at 1-2. The requirement to register was based on a previous federal conviction. Id. at 2. In 1991, Defendant was convicted in the United States District Court for the Western District of Kentucky of Abusive Sexual Contact, in violation of 18 U.S.C § 2244(a)(1), and sentenced to 120 months in prison on this charge (to run concurrently with a 188-month sentence for killing his wife). Id.; Resp. at 2. In 2004, Defendant was released from prison subject to a term of supervised release of five years, and in February 2008 his supervision was transferred to the Eastern District of Virginia. United States v. Honaker, No. 1:08-cr-00088 (E.D. Va., March 11, 2008). This was terminated following a six-month revocation of his supervised release sentence that ran from

1

August 1, 2008 until February 1, 2009. Resp. at 2-3. Following the latter sentence, Defendant moved to the Western District of Pennsylvania, where he allegedly failed to register as a sex offender. Id. at 3.

In 2006, Congress passed SORNA, creating a national sex offender registry law, as an attempt to harmonize the existing disjointed system of state registration of sex offenders. SORNA, states that "the Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter...." 42 U.S.C. § 16913(d). There are approximately 500,000 offenders who fall into this category. 152 Cong. Rec. S8012-02 (daily ed. July 20, 2006) (statement of Sen. Hatch). On February 27, 2007, pursuant to §16913(d), the Attorney General promulgated an interim rule applying SORNA's registration requirements to pre-Act offenders, and later issued final rules in line with the interim rule. *See* 28 C.F.R. § 72.3 (2011); M. to Dismiss at 6. In Reynolds v. United States, 132 S. Ct. 975, 984 (2012), the Supreme Court decided only that the registration requirements of SORNA did not apply to pre-Act offenders until such time as the Attorney General so specified. The Supreme Court did not reach the issue of Reynolds's assertion that the delegation of authority to the Attorney General violated the non-delegation doctrine, and remanded the case to the United States Court of Appeals for the Third Circuit, where it is currently pending. *See* Id. at 980, 984. Defendant argues that granting the Attorney General this authority violated the non-delegation doctrine by allowing the Executive Branch to impermissibly legislate. M. to Dismiss at 1.

## II. Discussion

For the purposes of this motion to dismiss, we are not concerned with any potential factual disputes. Both parties appear to agree that Defendant was a pre-Act offender, that the regulation as written requires him to register as a sex offender, and that he did not in fact register. The only

2

question before the Court is whether or not Congress permissibly delegated to the Attorney General the power to apply the SORNA requirements to such offenders.

We conclude that the discretion granted to the Attorney General does not violate the non-delegation doctrine. The non-delegation doctrine arises from the Constitutional clause which vests all legislative power in the Congress. U.S. Const. art I, § 1; Mistretta v. United States, 488 U.S. 361, 371 (1989). This does not foreclose Congress from seeking assistance from another branch of government; rather it requires that in doing so Congress must set forth an "intelligible principle" on which the delegee may base the relevant decision. Id. at 372. Under the intelligible principle test, a law is "constitutionally sufficient if Congress clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority." Id. at 372-73 (citation omitted).

Applying this test to SORNA, Congress has specified an intelligible principle. Congress's Declaration of Purpose, expressly provides that a "comprehensive" national registration system is being promulgated "in order to protect the public from sex offenders and offenders against children." 42 U.S.C. § 16901 (2006). By stating that the registration system is to be comprehensive, Congress provided the Attorney General with the general policy regarding retroactive application; a system of registration is hardly comprehensive if it is missing half a million offenders. Furthermore, leaving out this large number of offenders would do little to advance the goal of protecting the public. Indeed, there "is no reason to believe that Congress feared that the Attorney General would refuse to apply the new requirements to pre-Act offenders." Reynolds, 132 S. Ct. at 984; *see also* United States v. Whaley, 577 F.3d 254, 262-64 (5th Cir. 2009) (holding that the statement of purpose "is an intelligible principle that guides the Attorney General in exercising his discretion").

As to the second Mistretta factor, the agency designated to apply the policy is clear; in this case it is the Department of Justice, via the Attorney General. *See* 42 U.S.C. § 16913 (2006) ("The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter."). The same holds true for the requirement that boundaries of the delegated authority be clearly articulated. While the Defendant correctly argues that the Attorney General may apply the SORNA requirements to all or none of the pre-Act offenders, M. to Dismiss at 10-11, this is nevertheless a clear delineation of the boundaries of the delegated authority. To the extent that the Attorney General has any discretion, it is limited to one distinct group of people: those who committed sex offenses before the enactment of SORNA that would otherwise fall under SORNA's requirements. When this is coupled with Congress's guiding policy, the boundaries of the Attorney General's authority are firmly established.

The United States Court of Appeals for the Third Circuit has yet to rule on the non-delegation question. While other circuit courts' decisions are not binding on this Court, we note that all of the circuit courts which have done so have concluded that the Act does not run afoul of the non-delegation doctrine. *See* United States v. Stock, No. 10-5348, 2012 WL 2816307 at *3, -- F.3d -- (6th Cir. July 11, 2012); United States v. Clark, No. 11-5098, 2012 WL 2109246 (4th Cir. June 12, 2012); United States v. Guzman, 591 F.3d 83, 92-93 (2nd Cir. 2010); Whaley, 577 F.3d at 263 (5th Cir. 2009); United States v. Ambert, 561 F.3d 1202, 1214 (11th Cir. 2009). Though some of these decisions were rendered prior to Reynolds, their holdings remain good law because even then, in reaching the decision that there were no non-delegation problems, the courts assumed that the law would be interpreted as it was in Reynolds. *See, e.g.,* Whaley, 577 F.3d at 263 (explaining that "even assuming *arguendo* that Whaley's interpretation is correct and that the statute delegates broad authority to the Attorney General to determine the retroactive

4

applicability to SORNA, that delegation would be permissible under the nondelegation doctrine."). Accordingly, we join those courts in holding that § 16913(d) does not violate the non-delegation doctrine and we will deny the motion to dismiss.

### III. Conclusion

For the reasons explained above, the Attorney General's discretion to specify the applicability of SORNA requirements to pre-Act offenders does not violate the non-delegation doctrine. As such, the motion to dismiss is denied. An appropriate order follows.

Date: July 19, 2012

Maurice B. Cohill, Jr.,
Senior United States District Court Judge

Cc: Counsel of Record